SEND
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09–5753 PA (AGRx) | Date | August 18, 2009 |
|---|---|---|---|
| Title | Palacio Capital Partners, Inc., et al. v. Gina Cha, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS — COURT ORDER

Before the Court is a Notice of Removal (Docket No. 1) filed by defendant Gina Cha ("Removing Defendant"). Removing Defendant asserts jurisdiction based on diversity of citizenship. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The defendant also has the burden of showing that it has complied with the procedural requirements for removal." Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001).

In attempting to invoke this Court's diversity jurisdiction, Removing Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

Here, Removing Defendant alleges in the Notice of Removal that "Plaintiff Greg Jeong is a

**SEND**
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09–5753 PA (AGRx) | Date | August 18, 2009 |
|---|---|---|---|
| Title | Palacio Capital Partners, Inc., et al. v. Gina Cha, et al. | | |

citizen of and domiciled in the State of California. (See Ex. A, Compl., ¶ 2 at p.1).")  (Notice of Removal ¶ 4.)  However, the complaint ("Complaint") merely states that "Jeong was and is an individual residing and doing business in Los Angeles County, California."  (Notice of Removal, Ex. A at ¶ 2.)  Residency is not the same as citizenship. Kanter, 265 F.3d at 857; see also id. ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.").  Accordingly, Removing Defendant's allegation of plaintiff Greg Jeong's citizenship is insufficient.

Because neither the "four corners" of the Complaint nor the Notice of Removal contain sufficient allegations concerning citizenship, Removing Defendant has not met its burden to establish this Court's jurisdiction.  See Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005); California ex rel. Lockyer, 375 F.3d at 838.  Accordingly, the Court remands this action to Los Angeles County Superior Court, Case No. BC416601.  The September 14, 2009 hearing on Removing Defendant's motion to dismiss or transfer (Docket No. 7) is vacated, and the matter taken off calendar.

IT IS SO ORDERED.